UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAITLIN O'CONNOR, CORA SKINNER, DENISE TRLICA A/K/A DENISE MILANI, ERICA GRISBY, JAIME EDMONDSON LONGORIA, LUCY PINDER, AND SANDRA VALENCIA<br><br>Plaintiffs,<br><br>v.<br><br>206- LLC, d/b/a SUGARS<br><br>Defendant. | Case No. 2:23-cv-00954-RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiffs Caitlin O'Connor, Cora Skinner, Denise Trlica a/k/a Denise Milani, Erica Grisby, Jaime Edmondson Longoria, Lucy Pinder, and Sandra Valencia (collectively "Plaintiffs")'s Motion for Default Judgment against Defendant 206- LLC ("Sugars"). Dkt. #15. Having reviewed the Motion and all supporting materials, the Court DENIES the Motion with leave to re-file.

## II.   BACKGROUND

According to the Complaint, each Plaintiff is a successful model, actress and/or businesswoman who earns her livelihood promoting her image, likeness and/or identity to clients, commercial brands, and media and entertainment outlets. Dkt. #1, ¶¶ 20-21, 28, 31, 34,

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 1

37, 40, 43, 46. Defendant was the owner of the strip club Sugars during the relevant time and engaged in the business of entertaining its patrons with alcohol, and nude or semi-nude entertainment in Seattle, Washington. *Id.* at ¶ 49. Defendant owned, operated and controlled Sugars' social media accounts, including Sugars' Facebook and Twitter accounts, and used such social media to post advertisements. *Id.* at ¶¶ 50-51. Many of these advertisements contained images of the Plaintiffs. *Id.* at ¶¶ 22-27, 29, 32, 35, 38, 41, 44, 47, 53. Plaintiffs each allege that such appearance was false, and occurred without their knowledge, consent, authorization, or payment. *Id.* at ¶¶ 25, 30, 33, 36, 39, 42, 45, 48, 60-74.

On or about July 12, 2023, Defendant was served with the Summons and Complaint via process server. Dkt. #8. On July 26, 2023, attorney Todd Williams of Corr Cronnin LLP reached out to Plaintiff's counsel, Joseph Casas, to inform him that his client was aware that it had been served with the Complaint and that they are "in the process of determining whether any [insurance] coverage exists." Dkt. #11-1. On August 28, 2023, Mr. Casas forwarded the Court's order to Mr. Williams which instructed him to either file a judgment or show cause why a default would not be appropriate. *Id.* On September 15, 2023, Plaintiffs served Mr. Williams with a settlement demand. *Id.* Defendant did not answer the Complaint and/or respond to Plaintiffs' demand. *Id.* On October 6, 2023, Plaintiffs filed their Motion for Entry of Default, and the Clerk entered Default as to Defendant on October 10, 2023. Dkt. #13 and #14.

### III. DISCUSSION

#### A. Legal Standard for Default Judgment

The Court has already found Defendant in default. Dkt. #14. After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b). This determination is discretionary. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). "Factors which

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 2

may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In performing this analysis, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (quotation and citation omitted). And "[t]he district court is not required to make detailed findings of fact." *Id.*

### B. Jurisdiction

Before entering default judgment, the Court must assure itself that it has subject matter jurisdiction and personal jurisdiction.

There is little doubt that the Court has subject matter jurisdiction over Plaintiffs' claims. Plaintiffs bring claims under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), which fall within the Court's jurisdiction pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

The Court also finds that it has personal jurisdiction over Defendant. The Complaint identifies Sugars as a Washington limited liability company. Dkt. #1 at ¶ 16. Plaintiffs have provided evidence that Defendant was personally served through its registered agent, Benedict Dimaano, on July 12, 2023. *Id* at ¶ 17. Plaintiffs also filed an Affidavit of Service on July 13, 2023. Dkt. #8. Accordingly, the Court finds that Defendant has been properly served.

### C. *Eitel* Factors

The Court reviews the *Eitel* factors to assess whether default judgment should be entered and in what specific amounts. The seven *Eitel* factors do not weigh in favor of entry of default judgment at this time. Specifically, the Court finds that judgment cannot be entered in the amount Plaintiffs request and directs Plaintiffs to gather more information of the Defendant's finances to substantiate their request for monetary relief.

### 1. *Eitel* First Factor: Prejudice to Plaintiffs

Plaintiffs have attempted to litigate this case and vindicate their rights under federal and state law against Sugars. However, Sugars has failed to appear or participate in this litigation despite being personally served. Plaintiffs face prejudice by not being able to obtain complete relief on their claims against Sugars without entry of default judgment. This factor favors entry of default judgment.

### 2. *Eitel* Second and Third Factor: Merits of Plaintiffs' Claims and Sufficiency of Complaint

The second and third *Eitel* factors—the substantive merits of the plaintiff's claim and the sufficiency of the plaintiff's complaint—are frequently analyzed together. *PepsiCo*, 238 F. Supp. 2d at 1175. For these two factors to weigh in favor of default judgment, the complaint's allegations must be sufficient to state a claim for relief. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). A complaint satisfies this standard when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)). At the default judgment stage, the court "must take the well-pleaded factual allegations [in the complaint] as true" but "necessary facts not contained in the pleadings, and claims

which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiffs allege claims for false association under 15 U.S.C. § 1125(a)(1)(A), Violations of Washington Personality Rights Act (WPRA), Violations of Washington States' Unfair competition under the Washington Consumer Protection Act (CPA), and negligence. The court reviews each in turn.

### a. 15 U.S.C. § 1125(a)(1)(A) Claim

To establish a trademark infringement claim under 15 U.S.C. § 1125(a) a plaintiff must prove: (1) it has a valid, protectable trademark, and (2) the defendant's use of the mark is likely to cause confusion. *Southern California Darts Ass'n v. Zaffina*, 762 F.3d 921, 929 (9th Cir. 2014) (quoting *Applied Info. Sciences Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007)).

Plaintiffs contend Defendant used Plaintiffs' images in advertising, *inter alia*, to create the false impression to the public that Plaintiffs were employed or otherwise affiliated with Sugars. Dkt. #15. Plaintiffs argue Defendant was trying to attract clientele to Sugars and thereby generate revenue, despite Defendant's awareness that no Plaintiff was an employee at Sugars, promoted Sugars, or was otherwise affiliated with Sugars. *Id*.

Plaintiffs have demonstrated that this claim has substantive merit and that they have sufficiently alleged this claim in their complaint. The Court concludes that the second and third *Eitel* factors weigh in favor of default judgment for this claim.

### b. Washington Personality Rights Act ("WPRA")

The WPRA provides that "[e]very individual or personality has a property right in the use of his or her name, voice, signature, photograph, or likeness." RCW 63.60.010. A violation of the WPRA occurs, in relevant part, when a "person ... uses or authorizes the use of a living

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 5

... individual's or personality's name, voice, signature, photograph, or likeness, on or in goods, merchandise, or products entered into commerce in this state ... without written or oral, express or implied consent of the owner of the right." RCW 63.60.050.

As outlined above, each Plaintiff has plead, and substantiated their claims through their respective declarations that: (1) their images were used without their consent, (2) for the Defendant's own commercial benefit, and (3) have suffered damages as a result. The Court concludes that the second and third *Eitel* factors weigh in favor of default judgment for this claim.

### c. Washington Consumer Protection Act

To prevail on a CPA action, the plaintiff must prove an (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation. *Klem v. Washington Mut. Bank*, 176 Wash. 2d 771, 782, 295 P.3d 1179 (2013) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780, 719 P.2d 531 (1986)); *see also* RCW 19.86.020. "Absent unusual circumstances, the analysis of a CPA claim will follow that of the [federal] trademark infringement and unfair competition claims; it will turn on the likelihood of confusion regarding a protectable mark." *Safeworks, LLC*, 717 F. Supp. 2d at 1192.

The Court remains unconvinced that Plaintiffs have alleged a valid CPA claim. Specifically, Plaintiffs have not provided evidence that consumers suffered substantial injury. Plaintiffs suggest that Defendant deceived consumers by creating the false impression that Plaintiffs are employees or entertainers at Sugars. However, Plaintiffs have not presented cogent evidence that individuals who frequented Sugars were deceived or specifically sought to

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 6

see the Plaintiffs at Sugars based on their images. Accordingly, the Court rejects Plaintiffs' request for entry of default judgment on this claim.

### d. Negligence

Plaintiffs are not seeking default judgement for negligence.

### 3. *Eitel* Fourth Factor: Sum of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. The court has discretion to award statutory damages between $1,000 and $200,000 "per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). If, however, the court finds that the trademark violation was willful, it may award up to $2,000,000 for each infringement. *Id.* § 1117(c)(2).

When determining the appropriate amount of statutory damages to award on default judgment, courts consider whether the amount bears a "plausible relationship to [the p]laintiff's actual damages." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014) (quoting *Adobe Sys., Inc. v. Tilley*, No. C09-1085 PJH, 2010 WL 309249, at *5 (N.D. Cal. Jan. 19, 2010)). That is, although a plaintiff in a trademark infringement suit is entitled to damages that will compensate and serve as a deterrent, "it is not entitled to a windfall." *Id.*

Plaintiffs ask the Court for $230,000 in actual damages. This sum is based on their expert witness's evaluation of the retroactive compensation each Plaintiff would have received to model for the Defendant. *See* Dkt. #15-2. The Court is not convinced this is the proper measure for damages for these claims. The statute and case law indicate that in order to be granted monetary relief, a plaintiff is required to prove the defendants profited from their infringement. *See* 15 U.S.C. § 1117; *See also Atari Interactive, Inc. v. Redbubble, Inc.*,

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 7

N.D.Cal.2021, 546 F.Supp.3d 883; *Kelley Blue Book v. Car-Smarts, Inc.*, C.D.Cal.1992, 802 F.Supp. 278, 24 U.S.P.Q.2d 1481; *Sleeper Lounge Co. v. Bell Mfg. Co.,* C.A.9 (Cal.) 1958, 253 F.2d 720, 117 U.S.P.Q. 117.

Here, Plaintiffs have not provided any evidence that the Defendant has profited from the use of the Plaintiffs' photos. Nor have the Plaintiffs provided any reasonably helpful information that would assist the Court's understanding of the Defendant's financial situation in order to craft an appropriate calculation for damages. Without such evidence, the Court cannot grant Plaintiffs' requested damages. The Court directs Plaintiffs to gather more information, and notes that nothing in this Order precludes Plaintiffs from refiling their Motion with a more complete record.

### 4. *Eitel* Fifth Factor: Possibility of Dispute of Material Facts

There is no indication the material facts are in dispute. Defendant failed to appear in this action and Plaintiffs have provided sufficient evidence in support of their claims that is likely difficult to be rebutted. This factor would favor entry of default judgment.

### 5. *Eitel* Sixth Factor: Whether Default is Due to Excusable Neglect

There is no evidence that Defendant's failure to appear is due to excusable neglect. Plaintiffs provide sufficient evidence that Defendant was properly served with the Complaint and was aware of this litigation. *See* Dkt. #11-1. Defendant had multiple opportunities to answer or otherwise respond and failed to do so. This factor favors entry of default judgment.

### 6. *Eitel* Seventh Factor: Strong Policy in Favor of Decision on the Merits

The Court maintains a strong policy preference in favor of resolution of Plaintiffs' claims on the merits. But Defendant's decision not to appear in this case vitiates against this policy. This factor would favor entry of default judgment.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 8

### D. Permanent Injunction

Plaintiffs also request an order permanently enjoining Defendant from using any images of Plaintiffs in their advertising. The requested relief would be warranted here if default judgment had been entered, however, since the monetary relief is denied, the Court will not issue such an order at this time.

## IV.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Default Judgment is DENIED.

DATED this 27th day of November, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE