UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAITLIN O'CONNOR, CORA SKINNER, DENISE TRLICA A/K/A DENISE MILANI, ERICA GRISBY, JAIME EDMONDSON LONGORIA, LUCY PINDER, AND SANDRA VALENCIA,<br><br>Plaintiffs,<br><br>v.<br><br>206- LLC, d/b/a SUGARS,<br><br>Defendant. | Case No. 2:23-cv-00954-RSM<br><br>ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES AND COSTS |

This matter comes before the Court on Plaintiffs' Motion for Attorney Fees and Costs, Dkt. #24. The Court previously awarded reasonable fees and costs under RCW § 63.60.060 and asked for "a declaration setting forth the bases for a reasonable rate and reasonable hours spent in this action." Dkt. #23. Plaintiffs' Motion requests $21,780 in fees and $10,037.75 in costs and expenses.

This case has not had a lot of filings. Plaintiff's Motion for Default Judgement was denied. Dkt. #17. Plaintiff filed a Motion for Reconsideration, Dkt. #18, which was granted in part, Dkt. #19, a hearing was held, and the Court awarding $95,000 in damages, Dkt. #23. The initial expert report was so lacking in useful information as to make it impossible for the Court to calculate damages. *See* Dkt. #19 at 5. The Court found that supplemental briefing and a

ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES AND COSTS - 1

supplemental expert report were helpful. However, the Court continued to criticize Plaintiffs' expert's method of calculating damages, and how that method was opaque. *See id.* at 4 and 8. The Court lamented the lack of "evidence of the actual ways Plaintiffs were damaged." *Id.* at 8. The Court found that Plaintiffs "struggled" to address equity in briefing and "ignore[d]" equity at the hearing, as well as the relative seriousness of Defendant's conduct, the plausible relationship to the Plaintiff's actual damages, and the amount necessary to serve as a deterrent. *Id.* at 7.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1] In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id*. (internal quotation omitted). "Affidavits of the plaintiffs'

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES AND COSTS - 2

attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…" *Welch*, 480 F.3d at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). It is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch*, 480 F.3d at 948. The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

  The Court will first address the hourly rate of Plaintiffs' counsel Joseph Casas. The Court finds that the hourly rate of $600 an hour is quite high and not supported with any evidence of the prevailing market rate, or even an explanation of the experience, skill, or education of that attorney. The $100 rate for paralegal Linda Davila is reasonable. Given the procedural history of this case, the Court will not force Plaintiffs to re-submit this information, nor will the Court guess at a reasonable rate. The Court will instead reduce the fee award by 10% for a new total of $19,602.

  The Court next turns to the hours requested. The Court has reviewed the submitted billing records and agrees with Mr. Casas that "the hours spent on the prosecution of this case are reasonable and necessary in light of all the legal and factual issues involved," *see* Dkt. #24-1 at 2.

ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES AND COSTS - 3

Finally, the Court will examine the expenses and costs of $10,037.75. This amount breaks down as $9,000 for expert Stephen Chamberlin and 1,037.75 for other expenses and costs. The Court believes $9,000 to be unreasonable given the inadequacy of the initial expert report. As that report was not a reasonable expense, but the work on it laid the groundwork for the supplemental report, the Court will reduce the award of expenses and costs by $4,500 to $5,537.75.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Attorney Fees and Costs, Dkt. #24, is GRANTED IN PART. Defendant must pay Plaintiffs $19,602 in fees and $5,537.75 in expenses and costs, a total of $25,139.75. The clerk is DIRECTED to enter judgment in this case consistent with the Court's Order at Dkt. #23 and with the addition of the $25,139.75 amount awarded above.

DATED this 3rd day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES AND COSTS - 4